UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN C. LEWIS, | ) | Civil No. 09CV252 L (POR) |
| Plaintiff, | ) ) ) | **ORDER GRANTING IN PART DEFENDANT'S *EX PARTE* MOTION FOR LEAVE TO FILE A SUR-REPLY [doc. #17]** |
| v. | ) ) | |
| GOTHAM INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

*Pro se* plaintiff John C. Lewis's motion for relief from dismissal [doc. #12] was set for hearing on November 2, 2009.  The Court found that the motion was suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). Under the Civil Local Rules, plaintiff's reply memorandum was due on October 26, 2009; however, plaintiff did not timely file his reply.  Nevertheless, the Court accepted plaintiff's late-filed reply memorandum.

In its *ex parte* motion, defendant asserts that plaintiff's reply memorandum contains facts and allegations that were not presented in plaintiff's motion for relief from dismissal.  As a result, defendant is prejudiced by not being able to address those newly presented facts.  The Court has reviewed plaintiff's motion, defendant's response, and plaintiff's reply and finds that plaintiff has presented new material in his reply memorandum to which defendant has not had an opportunity to respond.

Moving parties are required to raise all of their arguments in their opening brief to prevent "sandbagging" of the nonmoving party and to provide opposing counsel the opportunity to respond. *Corson and Gruman Co. v. NLRB*, 899 F.2d 47, 50 n. 4 (D.C. Cir. 1990). "It is improper for a moving party to introduce new facts . . . in the reply brief than those presented in the moving papers" when those facts could have been presented in the opening brief. *Jones v. Baltimore Life Ins. Co.*, 2007 WL 1713250, at *9 (E.D. Cal. June 12, 2007). "It cannot seriously be disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks." *Spring Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). The reply brief is not intended to be the brief that shows for the first time the movant's evidentiary support for the relief sought in the his or her opening brief. Where a movant injects evidence in a reply brief that should have been included in the opening brief, the movant could fail to "affor[d] the nonmovant an opportunity for further response." *Id.* at 240. Under such circumstances, the court has discretion to "decline to consider" the new evidence. *Spring Industries, Inc.*, 137 F.R.D. at 240.

In the present case, because plaintiff's opening brief failed to provide defendant with a fair opportunity to address the factual information contained in plaintiff's reply brief, the Court may chose to not consider that evidence, provide oral argument to the non-moving party, or allow the non-moving party to file a sur-reply. The Court notes that plaintiff is appearing without benefit of counsel. Litigants appearing *pro se* are expected to comply with the Federal Rules of Civil Procedure and the Civil Local Rules; however, the Court in its discretion may offer the *pro se* litigant some leeway with respect to the Rules of Court.[1]  Nevertheless, a litigant's *pro se* status may not act to the detriment of an opposing party.

/ / /

/ / /

/ / /

/ / /

---

[1]     The Court has already permitted the late filing of plaintiff's reply memorandum.

Based on the foregoing, defendant's *ex parte* motion for leave to file a sur-reply is **GRANTED**; in all other respects, the *ex parte* motion is denied.  Defendant shall file a sur-reply no later than November 10, 2009.  After the filing of the sur-reply, there shall be no further briefing on plaintiff's motion for relief from dismissal and the motion shall be submitted on the papers without oral argument.

**IT IS SO ORDERED.**

DATED:  November 5, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

09cv252